UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **3081 MAIN STREET, LLC d/b/a NEW ENGLAND WINE AND SPIRITS,** on behalf of itself and all others similarly situated**,** | **COMPLAINT** |
| Plaintiff, | **11 CV _____** |
| -vs.- | **Class Action** |
| **GEA ENERGY, LLC,** | **Jury Demanded** |
| Defendant. | |

Comes now 3801 Main Street, LLC d/b/a New England Wine and Spirits, on behalf of itself and all others similarly situated, and alleges as follows:

1.      3801 Main Street, LLC d/b/a New England Wine and Spirits (hereinafter "3801 Main" or Plaintiff) is bringing this action against GEA Energy, LLC (hereinafter "GEA" or Defendant) for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA") the regulations promulgated thereunder and Conn. Gen. Stat. § 52-570c.  Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.  Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses. Connecticut enacted Conn. Gen. Stat. § 52-570c for similar reasons.  In addition, regulations enacted pursuant to the TCPA prohibit the sending of solicited fax advertisements that do not contain the proper opt-out notice. Upon information and belief, Defendant has recently caused to be sent out over 10,000 (ten-thousand) unsolicited and solicited fax advertisements for goods and/or services without the proper opt-out notices required by the TCPA and the

regulations promulgated thereunder. Therefore, Defendant is liable to Plaintiff and the proposed Class of similarly situated persons under the TCPA and Conn. Gen. Stat. § 52-570c.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because, upon information and belief, the matter in controversy concerning the TCPA exceeds the sum or value of $5,000,000, exclusive of interest and costs, involves thousands of class members and is a class action in which at least one member of the classes, i.e., Plaintiff, is a citizen of a state different from Defendant.

4. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's and one of the classes' claims under Conn. Gen. Stat. § 52-570c.

5. Venue is this judicial district is also proper under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

6. 3801 Main Street, LLC, d/b/a New England Wine and Spirits is a Connecticut corporation whose principal place of business is located at 590 Danbury Road #2, Ridgefield, Connecticut 06877.

7. Upon information and belief, GEA Energy, LLC is an Oklahoma corporation with its principal place of business at 1802 N Shartel, Oklahoma City, Oklahoma 73103.

## DEFENDANT'S ILLEGAL ACTIONS

8.      Upon information and belief, Defendant has, within the four years prior to the date of filing the instant Complaint, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisement (hereinafter "the fax advertisement"), advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located in its office in Ridgefield, Connecticut.  A copy of the fax advertisement is attached hereto as Exhibit A and is incorporated herein by reference.

9.      The fax advertisement attached hereto as Exhibit A was wholly unsolicited in that it was sent to Plaintiff by Defendant without Plaintiff's express invitation or permission.

10.     The fax advertisement contains a notice at the bottom that purportedly permits individuals to remove themselves from the fax list for the advertised program. The notice states "Important opt-out Notice: Your fax number was obtained through an advertisement or Internet site promoted by your business.  You are receiving this fax because your business, as advertised may benefit from our free service.  If you would like to opt out of receiving any additional faxes, or believe you have received this fax in error, please call 1-877-342-9318 and follow the instructions.  Your request will be processed within seven (7) business days.  Failure to honor op-out request within thirty (30) days is unlawful."

11.     The notice on the fax advertisement does not meet the requirements of 47 U.S.C. § 227(b)(2)(D) because, among other things, the notice (A) does not state that a person's request to opt-out of future fax advertising will only be effective if the request identifies the telephone number or numbers of the telephone facsimile machine or

3

machines to which the request relates; (B) does not provide a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and (C) does not state that such a request will only be effective if the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his or her telephone facsimile machine.

12. The notice on the fax advertisement also does not meet the requirements of 47 C.F.R. § 64.1200 (a)(3)(iii) because, among other things, the notice (A) does not state that a person's request to opt-out of future fax advertising will only be effective if the request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates; (B) does not provide a domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and (C) does not state that such a request will only be effective if the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his or her telephone facsimile machine.

13. Upon information and belief, Defendant has, from four years prior to the date of the filing of the instant Complaint through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States.

14. Upon information and belief, the facsimile advertisements described in the preceding paragraph contained an opt-out notice at the bottom identical or substantially

similar to that contained on the fax advertisement sent to Plaintiff.

15. Upon information and belief, Defendant has, from four years prior to the date of the filing of the instant Complaint through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited and/or solicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States.

16. Upon information and belief, the facsimile advertisements described in the preceding paragraph contained an opt-out notice at the bottom identical or substantially similar to that contained on the fax advertisement sent to Plaintiff.

17. Upon information and belief, Defendant has, from two years prior to the date of the filing of the instant complaint through the present, sent or caused to be sent at least thousands of unsolicited facsimile advertisements to persons Plaintiff and Class C.

## THE FEDERAL STATUTE AND THE REGULATIONS THEREUNDER

18. The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

19. In pertinent part, 47 U.S.C. § 227(b) provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

20. In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited

advertisement to a telephone facsimile machine."

21. As used in both 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

22. 47 U.S.C. § 227(b)(1)(C)(iii) provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the unsolicited facsimile advertisement contains a notice meeting the requirements under 47 U.S.C. § 227(b)(2)(D).

23. 47 U.S.C. § 227(b)(2)(D) provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);
(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and
(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class

are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

24.     47 C.F.R. § 64.1200(a)(3) provides that no person or entity may:

Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless--:

*     *     *

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section;

(D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

7

>    (E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

25.     47 C.F.R. § 64.1200(a)(3)(iv) provides that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section."

26.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

>    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --
>
>    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>    (C) both such actions
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(emphasis added).

27.     47 U.S.C. § 312(f)(1) provides that "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C § 227 falls] or by a treaty

8

ratified by the United States."

## THE CONNECTICUT UNSOLICITED FAX STATUTE

28. Conn. Gen. Stat. § 52-570c(a) provides that "[n]o person shall use a machine that electronically transmits facsimiles through connection with a telephone network . . . to transmit unsolicited advertising material . . . which offers to sell goods or services."

29. Conn. Gen. Stat. § 52-570c(d) authorizes any person aggrieved by violations of § 52-570c(a) to bring a civil action requesting injunctive relief, $500 for each violation and costs and attorneys fees.

## CLASS ALLEGATIONS

30. Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

31. Plaintiff seek to represent three classes of individuals defined as follows:

Class A: All persons from four years prior to the date of the filing of the instant Complaint through the present to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained an opt-out notice identical or substantially similar to that contained on the facsimile advertisement attached hereto as Exhibit A.

Class B: All persons from four years prior to the date of the filing of the instant Complaint through the present to whom Defendant sent or caused to be sent a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained an opt-out notice identical or substantially similar to that contained on the facsimile advertisement attached hereto as Exhibit A.

9

Class C: All persons in the State of Connecticut to whom, from two years prior to the date of the filing of the instant Complaint to the present, Defendant sent or caused to be sent a facsimile advertisement without obtaining the persons' express invitation or permission.

32. Classes A, B and C are hereinafter referred to collectively as the Classes.

33. Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

34. Upon information and belief there are, at a minimum, thousands of class members of Classes A and B and at least hundreds of class members of Class C.

35. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's fax and marketing records.

36. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

37. Typicality: Plaintiff's claims are typical of the claims of the members of Class A. The claims of the Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct.

38. Plaintiff and members of Class A each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods,

or services, which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached hereto as Exhibit A, which Defendant sent or caused to be sent without Plaintiff's and the members of Class A's express permission or invitation.

39. Plaintiff's claims are typical of the claims of the members of Class B. The claims of the Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct.

40. Plaintiff and members of Class B each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached hereto as Exhibit A

41. Plaintiff's claims are typical of the claims of the members of Class C. The claims of the Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct.

42. Plaintiff and members of Class C each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services which Defendant sent or caused to be sent without Plaintiff's and the members of Class C's express permission or invitation.

43. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

44. The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiff

and the members of Class A fax advertisements without Plaintiff's and members of Class A's express invitation or permission, which advertised the commercial availability or quality of any property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached hereto as Exhibit A, by facsimile, computer or other device violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

(b) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiff and the members of Class A unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached hereto as Exhibit A, by facsimile, computer or other device, was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(d) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct.

45. The questions of fact and law common to Plaintiff and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiff and the members of Class B fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice

12

contained in the fax attached hereto as Exhibit A, by facsimile, computer or other device violated 47 U.S.C. § 227(b);

(b) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiff and the members of Class B fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached hereto as exhibit A, by facsimile, computer or other device, was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(d) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

46. The questions of fact and law common to Plaintiff and Class C predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiff and the members of Class C fax advertisements without Plaintiff's and members of Class C's express invitation or permission, which advertised the commercial availability or quality of any property, goods, or services violated Conn. Gen. Stat. Ann. § 52-570c(a);

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages for Defendant's acts and conduct; and

(c) Whether Plaintiff and members of Class C are entitled to a permanent

13

injunction enjoining Defendant from continuing to engage in its unlawful conduct.

47. <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

48. <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

49. <u>Injunctive Relief</u>:  Defendant has acted on grounds generally applicable to

Plaintiff and members of the Classes, thereby making appropriate final injunctive relief with respect to Plaintiff and the Classes as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

50. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

51. By Defendant's conduct, described above, Defendant committed more than ten-thousand (10,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class A were unsolicited and did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. § 64.1200(a)(3)(iii);

52. Accordingly, Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than five million dollars ($5,000,000), jointly and severally from the Defendant.

53. If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. § 64.1200(a)(3)(iii) to Plaintiff and the members of Class A,  Plaintiff requests an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

54. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

55. By Defendant's conduct described above, Defendant committed more than ten-thousand (10,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class B were either unsolicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and/or § 227(b)(2)(D), or were solicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) as required by 47 C.F.R. § 64.1200(a)(3)(iv).

56. Accordingly, Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than five million dollars ($5,000,000) from the Defendant.

57. If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) to Plaintiff and the members of Class B, Plaintiff requests an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A THIRD CAUSE OF ACTION

58. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

59. By Defendant's conduct, described above, Defendant committed numerous violations of Conn. Gen. Stat. § 52-570c(a) against Plaintiff and the members of Class C to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited by Plaintiff and the members of Class C.

60. Accordingly, pursuant to Conn. Gen. Stat. § 52-570c(d), Plaintiff and the members of Class C are entitled to statutory damages in an amount to be determined at trial, and the attorneys fees and costs of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

61. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

62. As described above, upon information and belief, Defendant committed numerous violations of 47 U.S.C. § 227(b) and Conn. Gen. Stat. § 52-570c(a).

63. Accordingly, under 47 U.S.C. § 227(b)(3)(A) and Conn. Gen. Stat. § 52-570c(d), Plaintiff and the members of the Classes are entitled to an injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, prays for:

A. An order certifying the Classes and appointing Plaintiff as the representatives of the Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B. An award to Plaintiff and the members of Classes A and B of statutory damages, in excess of $5,000,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), against Defendant for Defendant's violations of that statute and the regulations thereunder.

C. If it is found that Defendant willfully and/or knowingly sent and/or caused

17

to be sent fax advertisements to Classes A and/or B, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiff and the members of Classes A and/or B in the preceding paragraph, to three times that amount described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3), for willful and/or knowing violations.  Plaintiff will therefore seek an increase from an award in excess of $5,000,000 for each of classes A and B to an award in excess of $15,000,000 for each of Classes A and B against Defendant.

      D.      An award to Plaintiff and the members of Classes C of statutory damages, attorneys' fees and costs, to be determined at trial.

      E.      An injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations;

      F.      An award to Plaintiff and the members of Class C of the attorneys fees and costs of this action; and

      G.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: White Plains, New York
       August 18, 2011


                            Respectfully submitted,

                            **3801 MAIN STREET, LLC**
                            **d/b/a NEW ENGLAND WINE AND**
                            **SPIRITS, ON BEHALF OF**
                            **ITSELF AND ALL OTHERS**
                            **SIMILARLY SITUATED by its attorneys**

BELLIN & ASSOCIATES LLC

By: /s/Aytan Y. Bellin
     Aytan Y. Bellin, Esq. (ct28454)
85 Miles Avenue
White Plains, NY 10606
(914) 358-5345
aytan.bellin@bellinlaw.com